SCOTT *v.* BAY CITY.

1. REFERENCE — COMPENSATION OF REFEREE — DISCRETION OF
   COURT—REVIEW.
   Only an abuse of discretion will justify the interference by
   this court with the allowance of fees to a referee.

2. LIMITATION OF ACTIONS—WAIVER OF STATUTE.
   By participating in the hearing of a motion to fix the compensation of a referee, and moving to have the allowance reduced without raising the question of limitations, the party against whom the allowance is made waives the point.

Certiorari to Bay; Collins, J.  Submitted November 18, 1907.  (Docket No. 106.)  Decided January 31, 1908.

Petition by James A. Scott against the city of Bay City for the allowance of a claim for services.  There was an order allowing the claim in part, and respondent brings certiorari.  Affirmed.

*S. G. Houghton*, for appellant.

*Charles W. Hitchcock*, for appellee.

HOOKER, J.  In 1898 an action was begun by declaration by the city of West Bay City against Reuben C. Tasker and others to recover from Tasker, as city treasurer, and his sureties, moneys received by him as treasurer and not accounted for.

The cause came on for trial in 1899 and, it appearing to the court (Maxwell, J., presiding) that an examination of long accounts would be necessary, an order was made under the statute, 3 Comp. Laws, § 10098 et seq., referring it to James A. Scott as auditor.  He made a final report on December 11, 1899.  The court was not asked at that time to fix his compensation, the petition filed March 15, 1906, being his first attempt to bring that subject before

the court. He had, however, received $1,000; the last payment being on or about March 5, 1900, for his services from the city. The present controversy is based upon that petition.

The petition was apparently entitled in the original cause. It sets forth the circumstances leading up to petitioner's appointment, alleges that he was employed 252⅔ days, and that he was to receive not less than $10 per day therefor, and that his services were worth from $10 to $15 per day. An order appointing April 7th as a day for hearing was made and served. Neither appearance, answer, nor objection was made or filed on behalf of the city, which was not represented at the hearing. An order was made allowing the claim at $2,600.

On April 17, 1906, counsel for the city made an application asking that the order be set aside and the city permitted to file an answer. It was heard on May 2d, and testimony was taken in support of and in opposition to the motion which was taken under advisement and decided December 19, 1906, by reducing the allowance to $2,150. While neither the opinion nor the order formally granted leave to plead the statute of limitations, the opinion indicates that the learned circuit judge took this defense into consideration, for he said in the opinion that the delay in filing the petition did not present any legal objection to the allowance of the claim. On January 7th, a second motion was filed asking that the allowance be reduced to an amount not exceeding $1,000, for substantially the same reasons as before. The court modified the former order by reducing the allowance to $916, over and above the sum of $1,000 theretofore paid. Thereupon the cause was removed to this court by certiorari.

The assignments of error are:

(1) That the allowance of $1,916 is exorbitant under the proofs.

(2) The claim is barred by the statute of limitations.

1. Merits. We are of the opinion that the record fails

to show an abuse of discretion which alone would justify an interference with the order of the learned circuit judge, if we can review the question of fact on this writ, which we do not intimate.

2. Statute of limitations. Upon the first modification of the order allowing $2,600, the appellant was in a situation to review the question of the statute of limitations by taking the proper writ from this court. Instead of doing so he made a motion to reduce the allowance, and both parties again took testimony upon the services rendered and their value, and a further reduction was made. There is nothing to indicate that the court considered the question of the statute of limitations as a bar to the claim, though that is a reason stated in the motion for reducing the allowance. We have no evidence that it was even alluded to upon the hearing by counsel or court. We are of the opinion that counsel waived the point by his last motion.

The order is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.